N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ROBIN LYNN SEARS | : |
| #1469360 Petitioner | : |
| v. | : CIVIL ACTION NO. JFM-13-1143 |
| WARDEN WILLIAM MARTIN, et al., Respondents | : |

## MEMORANDUM

On April 18, 2013, the Clerk received a habeas corpus petition from petitioner, who is presently serving a three-year sentence, all but 90 days suspended, at the Anne Arundel County Detention Center, after entering an Alford plea[1] on March 14, 2013, on the charge of failure to immediately stop at the scene of a motor vehicle accident.[2]

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, she must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal, and thereafter seeking *certiorari* to the Court of Appeals and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Petitioner claims counsel told her she could not appeal the plea, and lists additional grievances concerning ineffective assistance of counsel. Petitioner has not completed

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict her at trial, but maintaining her innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Petitioner did not pay the $5.00 filing fee, nor did she submit a motion and affidavit seeking indigency status. In light of the outcome of this case, petitioner shall not be required to cure this deficiency.

post-conviction review alleging ineffective assistance of counsel.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature. *See Gray v. Netherland*, 116 S.Ct. 2074, 2080-83 (1996). Thus, the case will be dismissed without prejudice by separate order. A certificate of appealability will not issue because petitioner has not made a "substantial showing of the denial of a constitutional right."[3]

A separate Order follows.

__April 25, 2013__                       ____/s/_____
(Date)                                           J. Frederick Motz
                                                             United States District Judge

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Such a showing is not apparent here.